**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK HODGE,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>COLOMBINI, M.D.; et al.,<br><br>        Defendants - Appellees. | No. 14-56323<br><br>D.C. No. 3:10-cv-01684-CAB-RBB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted April 13, 2016[**]

Before:    FARRIS, TALLMAN, and BYBEE, Circuit Judges.

California state prisoner Mark Hodge appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Albino*

*v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc).  We may affirm on any

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

basis supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

Summary judgment was proper on Hodge's deliberate indifference claims related to the failure to accommodate his lower bunk chrono. Hodge failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his need for a lower bunk. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate . . . safety[.]").

Summary judgment was proper as to Hodge's deliberate indifference claim regarding the failure to apply a neck brace after his accident. Hodge failed to raise a genuine dispute of material fact as to whether the treatment he received was medically unacceptable or caused him any injury. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (prisoner must show harm was "caused by" the alleged indifference); *Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (neither negligence nor a prisoner's difference of opinion with prison medical authorities constitutes deliberate indifference; treatment "must be medically unacceptable under the circumstances" and "chosen in conscious disregard of an excessive risk" to a prisoner's health (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

14-56323